FILED
AUG 08 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 11-30066-GPM |
| vs. ) | |
| ) | |
| JUSTIN CAHILL, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

### I.

1. Defendant will cooperate fully with the United States. Defendant agrees and acknowledges that his obligation to cooperate requires him to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding. Furthermore, the Defendant understands that this agreement requires him to testify concerning all criminal activity about which he knows, whether or not Defendant was himself involved.

2. Defendant also agrees and acknowledges that his obligation to cooperate requires him, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which he knows. Defendant agrees that any such information he provides law enforcement agencies will be complete and truthful.

3. Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant is involved or about which he knows.

4. Defendant further agrees that his obligation to cooperate includes providing information concerning his knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including, but not limited to, all federal districts.

5. The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, § 1B1.8 [hereinafter "U.S.S.G."], information that the Defendant provides pursuant to his obligation to cooperate fully under the terms of this agreement shall not be used in determining Defendant's applicable guideline range.

6. The United States will inform the Court of the extent of his voluntary cooperation; however, Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that he will not be allowed to withdraw his plea of guilty, once entered.

7. Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendant's cooperation.

8. In conjunction with the provisions of paragraphs 1, 2, 3, and 4, hereinabove, Defendant specifically agrees and acknowledges that if he does not cooperate fully or does not testify truthfully before the Grand Jury or at any trial in any federal district where he is called by the United States as a witness, then the United States is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known

to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw his plea.

9. Defendant acknowledges that he has been advised and does fully understand the following:

    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself;

    (c) that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial;

    (d) that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement;

    (e) that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial; and

    (f) that if he pleads guilty, he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

10. Defendant agrees that this Plea Agreement and Stipulation of Facts constitute the entire agreement between him and the United States and that no promises, inducements or

representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement and Stipulation of Facts.

11. It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. <u>It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.</u>

12. Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

13. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that he will pay the full amount of the special assessment prior to or at the time of sentencing.

14. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

15. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2010, are, for imprisonment: $2,357.01 per month; for community confinement: $2,153.22 per month; and for supervision: $328.20 per month. The Defendant agrees to make complete financial

disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

16. The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

17. The Defendant understands and agrees that if he commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

## II.

1. The Defendant states that he is actually guilty and will enter a plea of guilty to the sole count of the indictment, which charges him with Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846. The maximum penalties that can be imposed for violating 21 U.S.C. § 846 in this case are not more than 20 years' imprisonment, up to a $1,000,000 fine, or both, at least 3 years' supervised release, and a $100 special assessment.

2. The Government and the Defendant agree that the following constitute the essential elements of the offense:

    FIRST:    A conspiracy existed to distribute and possess with intent to distribute a controlled substance; and

    SECOND:    The defendant joined the conspiracy with the intent to further it.

The Defendant agrees and admits that his conduct violated these essential elements of the offense.

3. The Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 29 and a Criminal History Category of IV, where the sentencing range is 121-151 months. The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $15,000 to $150,000 according to U.S.S.G. § 5E1.2. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government agrees to recommend a sentence and fine that is at the low end of the range ultimately found by the Court. Based upon the concessions made by the Government in this agreement, the Defendant agrees not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors have been considered by the Court. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the

Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4. Defendant and the Government agree that the initial Guideline Offense Level in this case is 32 pursuant to U.S.S.G. § 2D1.1 because the Defendant's relevant conduct involves between 1,000 KG and 3,000 KG of marijuana equivalency units.

5. Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

6. Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

7. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels, reducing the Offense Level to 29 (from Offense Level 32). See U.S.S.G. § 3E1.1.

9. Defendant and the Government submit to the Court that it appears that the Defendant has amassed eight (8) Criminal History points and that, therefore, his Sentencing Guideline Criminal History Category is IV.

<u>Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea</u>.

10. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11. Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion of the United States Attorney, file either a motion under § 5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will <u>only</u> be filed if the assistance rendered by the Defendant is found to be complete and <u>thoroughly</u> <u>truthful</u>, regardless of the outcome of any trial or hearing at which the Defendant may testify. <u>The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court.</u>

12. **The United States and the Defendant agree not to seek a sentence outside the applicable Guideline range.** The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law.

13. Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

14. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). The Defendant will argue that exceptional circumstances exist in his case.

### III.

1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2. The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the

Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

7. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed said discovery compliance with his attorney.

**IV.**

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
JUSTIN CAHILL
Defendant

_____
DONALD S. BOYCE
Assistant United States Attorney

_____
EUGENE O. HOWARD
Attorney for Defendant

Date: 8/8/2011

Date: 8/8/11